924 So.2d 89 (2006)
In re Frank J. VENDT, Jr.
No. 2004-OB-2518.
Supreme Court of Louisiana.
February 22, 2006.
Rehearing Denied April 17, 2006.
Schiff Law Corporation, Leslie J. Schiff, Opelousas, Kevin P. Monahan, Baton Rouge, Frank J. Vendt, Jr., for applicant.
Charles B. Plattsmier, Baton Rouge, Richard A. Goins, Scott T. Whittaker, New Orleans, for respondent.

ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
In July 1998, petitioner, Frank J. Vendt, Jr., was arrested and charged as a principal to second-degree murder. Eighteen months later, he pled guilty to three misdemeanor chargessimple battery, criminal mischief, and aggravated assaultand was placed on probation.
Petitioner reported his misdemeanor convictions to the Committee on Bar Admissions ("Committee") when he applied to sit for the Louisiana Bar Examination. After petitioner successfully passed the bar exam, we acted on our own motion and appointed a commissioner to take evidence concerning petitioner's character and fitness to practice law. We also authorized the Office of Disciplinary Counsel ("ODC") to conduct an investigation into petitioner's qualifications to be admitted to the bar.
The commissioner conducted a character and fitness hearing in June 2005, pursuant to Supreme Court Rule XVII, § 9(B). The commissioner received documentary evidence and heard testimony given by petitioner and his witnesses. Petitioner was also questioned about several instances in which his candor has been called into doubt, both in this proceeding and in the underlying criminal case.
At the conclusion of the hearing, the commissioner filed his report with this court, recommending that petitioner be admitted to the practice of law. The Committee objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(B)(3).
After hearing oral argument, reviewing the evidence, and considering the law, we conclude petitioner has failed to meet his burden of proving that he has "good moral character" to be admitted to the Louisiana *90 State Bar Association. See Supreme Court Rule XVII, § 5(E). The gravity of petitioner's conduct which resulted in his criminal conviction compels this result.
Accordingly, it is ordered that the application for admission be and hereby is denied.